UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAWN GRANT,

                       Petitioner,                       07 Cv. 0838 (CLB)

      - against -

                                                    ***Memorandum and Order***

R. K. WOODS, Superintendent, etc.

                       Respondent.
-----------------------------------------------------------x
Brieant, J.

     By his Petition filed February 2, 2007 pursuant to 28 U.S.C. § 2254, Mr. Shawn Grant seeks a writ of *habeas corpus* setting aside his conviction in Supreme Court, Westchester County (Justice Molea) following a jury trial of Depraved Indifference Murder (Penal Law § 125.25(2)) and Criminal Possession of a Weapon in the Third Degree.  He was sentenced on September 5, 2003 as a Second Felony Offender to an indeterminate term of imprisonment of 25 years to life on the Murder conviction and a concurrent indeterminate term of 3-1/2 to 7 years for the Weapon conviction.  These sentences were ordered to run consecutively to a sentence previously imposed on May 16, 2003 in an unrelated matter.

     Petitioner was convicted of Depraved Indifference Murder for stabbing Malachi Henderson, a nineteen year old man, once in the chest with his knife, the weapon referred to in the second count of conviction.  The stabbing was hard enough to sever the No. 5 rib on the left side and the hole measured 1-3/8 inches long and 4-1/2 inches deep.  The knife reached into the internal cavity, and pericardial sack, severed the left coronary artery and perforated the left ventricle, producing massive bleeding.  The direction of the stab wound was horizontal

-1-

consistent with a punching motion.

The victim was stabbed shortly before midnight and died at the hospital at 12:45 A.M. on March 18, 2000. The Affidavit in Opposition of Assistant District Attorney Steven A. Bender of Westchester County sets forth in scrupulous detail the relevant facts concerning this senseless killing, which arose at a social event where the victim, Malachi Henderson, intended to celebrate the birthday of his friend, Linda Osborne, entering the premises bumped into Petitioner and exchanged words. They did not know each other prior to the encounter. Ms. Osborne reported the incident to her brother, Lilam Solomon, and told him that Petitioner had "called her a bitch for no reason." Petitioner denied to Lilam Solomon that he had done so. Walter Gist, a friend of the victim, pulled his gun and pointed it into Petitioner's face although he did not fire. Malachi Henderson, the victim, interceded between his friend Gist and Petitioner. Angered because a friend of the victim had escalated the incident, Petitioner walked toward the victim, put his arm around him and stated "Yo, that was your man that pulled out the gun on me." When Henderson conceded that it was, the Petitioner said "Then hold this for your man" and stabbed him in the chest as previously described.

Mr. Grant's Petition to this Court sets forth as grounds supporting the writ all the grounds set forth in his State Appellate Brief 1 thru 5, and the talismanic claim of Ineffective Assistance of Appellate Counsel as set forth in his state court writ of *corum nobis,* as Ground 6.

The brief to the state appellate court claimed: (1) that the trial court prevented defense

from cross-examining eyewitnesses regarding prior statements made to the Police; (2) undermined the jury's function by determining facts and deprive Defendant of a fair trial; and (3) deprived Appellant of due process; and (4) that evidence presented was insufficient for a murder conviction; and (5) that there was no evidence of actual possession of a dangerous weapon.

The decision of the Appellate Division Second Judicial Department issued April 25, 2005 affirming the judgment of conviction found as follows:

> The Defendant's contention that the evidence was legally insufficient to support convictions of Depraved Indifference Murder (See Penal Law § 125.25[2]; *People v. Payne*, 3 N.Y. 3d 266) and Criminal Possession of a Weapon in the Third Degree (See Penal Law § 265.02 [1]), is not preserved for appellate review (citations omitted) and we decline to reach the issue in the exercise of our interest of justice jurisdiction (citation omitted).
>
> Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence.
>
> The Defendant's remaining contentions are either unpreserved for appellate review or without merit.

By letter dated June 20, 2005, Petitioner's appellate counsel wrote to Judge Rosenblatt of the Court of Appeals in further support of a request for leave to appeal with respect to the Depraved Indifference Murder conviction. The letter notes in relevant part "at issue is whether a single stab wound can constitute Depraved Indifference Murder." In light of this Court's recent decision, *People v. Payne,* 3 N.Y. 3d 266 (2004), a single stab wound can rarely, if ever, result in a conviction of Depraved Indifference Murder. The Appellate Division Second Department failed to reach the issue because it was not preserved properly at the trial level." Judge Rosenblatt denied leave to appeal on June 28, 2005.

Insofar as concerns the application for a state writ of *corum nobis* to vacate on the ground of Ineffective Assistance of Appellate Counsel, the Appellate Division denied this application on June 20, 2006, holding merely that the Appellant has failed to establish that he was denied the effective assistance of appellate counsel (citations omitted). Leave to appeal this determination was denied by the New York Court of Appeals on October 30, 2006.

The Petition has failed to show that the decisions of the Appellate Division in this matter were contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States, nor that they were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Under the totality of the circumstances of this case, the ineffectiveness of appellate counsel does not rise to a Constitutional level, and this Court cannot say that the finding of an adequate and independent state ground to bar the Petitioner's appellate arguments is lacking in factual or legal foundation. Ordinarily, our discussion of the matter would stop at this point.

It is at least clear that Mr. Grant has been acquitted of the Crime of Intentional Murder which, in fact, he did commit. Grabbing a person and thrusting a knife four inches into his chest with sufficient force to sever a rib and to lacerate the victim's heart in two places would ordinarily be regarded as intentional murder. The evidence is overwhelming that this is what

occurred.  The motive is also clear in the record.

In a series of recent cases after Grant's conviction became final culminating with *Policano v. Herbert,* 7 N.Y. 3d 603, the New York Court of Appeals considered the statutory crime of Depraved Indifference Murder, and altered the prior caselaw in a material way.  In *Policano,* the New York Court of Appeals concluded that these reforms did not apply retroactively to a case such as Petitioner's where the judgment of conviction was final at the time that the new Rule began to be developed.  This determination is probably within the power of the Court of Appeals of New York to make, although this Court has long believed that the Depraved Indifference Murder statute as formerly construed presented significant Federal Constitutional issues.

Our Court of Appeals in *Policano v. Herbert,* 453 F. 3d 75, decided June 21, 2006 certified three questions concerning Depraved Indifference Murder as therein set forth.  On November 16, 2006, the Court of Appeals responded to the certified questions as set forth in 7 N.Y. 3d 603, holding in effect that at the time of *Policano's* conviction, a jury would be permitted to find a defendant guilty of Depraved Indifference Murder on the facts presented in *Policano* and also by inference in the instant case.  In Certified Question No. 3, the New York Court of Appeals concluded expressly that "our post-*Sanchez* caselaw [does not] apply retroactively to [*Policano's* case]."

However, our Court of Appeals has not yet acted in connection with *Policano's* federal

case following the receipt of the latest word of the New York Court of Appeals in answer to its certified questions.

For Federal Constitutional reasons, *Policano* may be found entitled by our Court of Appeals to have the New York "post-*Sanchez* caselaw applied retrospectively to his case, as Judge Gleeson has previously held, on federal Constitutional grounds.

Accordingly, a Certificate of Appealability will be issued to the Petitioner limited to the issue of retrospectivity of the New York decisions leading up to and including *Policano*. The Petition is denied for want of merit. The Clerk shall file a final judgment.

X

X

X

SO ORDERED.

Dated: White Plains, New York
  June 14, 2007

SO ORDERED.

Dated: White Plains, New York
June 14, 2007

                                                                     *Charles L. Brieant*
                                                                   Charles L. Brieant, U.S.D.J.